JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **REISHIGO, USA, INC** ) <br> ) <br>          **Plaintiff(s),** ) <br> ) <br>     v. ) <br> ) <br> **JOE SOTO AND UNICITY** ) <br> **INTERNATIONAL, INC.** ) <br> ) <br>          **Defendant(s).** ) <br> ) <br> _____ ) | Case No. SA CV 08-1438 DOC (CWx) <br><br> Orange County Superior Court Case No.: <br> 30-2008-00115072 <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT UNICITY INTERNATIONAL AND REMANDING CASE TO CALIFORNIA SUPERIOR COURT** |

     Plaintiff, Reishigo USA, Inc. ("Plaintiff"), filed this Motion to Dismiss Defendant (the "Motion") Unicity International, Inc. ("Unicity"), on March 16, 2009.  It was stipulated by and between Reishigo and Unicity that the action, including all claims, counterclaims, and affirmative defenses be dismissed with prejudice as to Unicity only.

     Accordingly, pursuant to Local Rule 7-12, the Motion is hereby GRANTED AS UNOPPOSED and Plaintiff's complaint is hereby DISMISSED WITH PREJUDICE as to Unicity International, Inc.

     The claim asserted against the remaining Defendant, Joe Soto ("Soto") is hereby remanded to California Superior Court for the County of Orange for lack of original jurisdiction.

# I. BACKGROUND

On November 20, 2008, Plaintiff filed a complaint in Superior Court against Unicity and Soto (collectively, "Defendants") for: (1) Breach of Express Terms of Written Contract; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; (3) Intentional Interference with Contractual Relations; (4) Intentional Interference with Prospective Economic Advantage; (5) Misappropriation of Trade Secrets; (6) Unfair Competition; and (7) Unjust Enrichment and Restitution.

On December 19, 2008, Unicity moved to remove the action to federal court based on diversity jurisdiction. Soto did not join in the removal and has not filed any pleadings in this Court. Plaintiff did not timely object to the removal. On March 16, 2009, Plaintiff moved to dismiss Unicity from the action with prejudice. Plaintiff and Unicity stipulated to the dismissal of Unicity only. This Court granted Plaintiff's Motion to dismiss, *supra*. Soto is the only remaining defendant to the action. On March 16, 2009, Plaintiff also filed a Request for Entry of Default (the "Request") against Soto, in which the Plaintiff alleges $72,526.00 in damages. (Declaration of David Van Sambeek in Support of Request, P. 2, ln. 12).

# II. LEGAL STANDARD

A defendant may remove a case to federal court if the federal court would have original jurisdiction over the case. *See* 28 U.S.C. § 1441. The removing defendant bears the burden of showing that jurisdiction exists, and the removal statute is strictly construed against removal. *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Remand is proper where the defendant fails to carry this burden. 28 U.S.C. § 1447(c).

In order for the federal court to assert diversity jurisdiction the plaintiff and defendant must be citizens of different states, and the suit must put more than $75,000 in controversy. 28 U.S.C. § 1332. The longstanding rule is that the amount in controversy requirement is satisfied if the plaintiff's good faith allegations put more than $75,000 in issue unless the court is convinced "to a legal certainty" that plaintiff cannot recover more than $75,000. *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S. Ct. 586 (1938); *see also Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000).

1  In cases where a defendant seeks removal, the "legal certainty" rule applies if the complaint
2  alleges damages in excess of $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir.
3  1996). In other words, a sufficient amount in controversy is presumed if it is shown on the face of
4  the complaint. *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696 (9th Cir. 2007).

5  However, where the complaint leaves the amount in controversy unclear or ambiguous, the
6  burden rests with the removing defendant to show that the figure in issue is greater than $75,000.
7  *Gaus*, 980 F.2d at 567 (citing *Garza v. Bettcher Indus. Inc.*, 752 F. Supp. 753, 6763 (E.D. Mich.
8  1990); *Sanchez, supra.* This is a simple application of the principle that a party seeking
9  adjudication in federal court bears the burden of proving (by a preponderance of the evidence) that
10 he or she belongs there. *McNutt v. Gen. Motors Acceptance Corp. Of Indiana*, 298 U.S. 178, 189,
11 56 S. Ct. 780 (1936).

12 Finally, in cases where the plaintiff has specified damages less than $75,000, the defendant
13 must prove with "legal certainty" that the jurisdictional threshold has been satisfied. *Guglielmino*,
14 *supra* (quoting *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007).

## III. DISCUSSION

16 Removal in this case was based on diversity jurisdiction. Unicity removed the action because:
17 (1) Plaintiff was a citizen of California with its principal place of business in California; (2) Unicity
18 is a citizen of Utah with its principal place of business in Utah; (3) Soto, an individual, is a citizen
19 of Iowa; and (4) the amount in controversy exceeded $75,000. Soto did not join in the removal and
20 Plaintiff failed to timely object to the procedural defect.

21 Unicity has been dismissed by this Court from the action. Consequently, the amount in
22 controversy has decreased to $72,526.00. In good faith, the Plaintiff has prayed for wages paid to
23 Soto totaling less than $75,000.00. Although the parties remain citizens of different states, because
24 the amount in controversy has fallen below the statutory minimum, this Court no longer has original
25 jurisdiction over the matter.

26 Because Plaintiff has specified damages less than $75,000, Soto must prove with legal
27 certainty that the jurisdictional threshold has been satisfied in order for the matter to remain in
28 federal court. *See id.* However, Soto did not join in the removal and has failed to file or answer any

3

1 pleadings in this case. The amount in controversy in this case is less than $75,000 and the
2 Defendant has not made any attempt to prove with legal certainty that the jurisdictional threshold
3 has been satisfied. Accordingly, this case is remanded for lack of original jurisdiction.

### IV. DISPOSITION

For the reasons stated above, the Court hereby (1) GRANTS Plaintiff's Motion to Dismiss Unicity and (2) REMANDS this matter to the California Superior Court for the County of Orange.

IT IS SO ORDERED

DATED: March 20, 2009

_____
DAVID O. CARTER
United States District Judge